*417
 
 PER CURIAM.
 

 L Granted. The decision of the court of appeal is reversed, and this case is remanded to the district court for purposes of providing the state with an opportunity to offer race-neutral reasons for the exercise of eight of the state’s peremptory challenges to exclude African-American jurors from the panel selected to try defendant’s case and for a ruling by the trial court on the question of whether race played a role in the selection of defendant’s jury.
 

 The trial court found that defendant had failed to satisfy the first step in the three-part test of
 
 Batson v. Kentucky,
 
 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) because he did not make a prima facie showing of discriminatory purpose. However, the Supreme Court “did not intend the first step to be so onerous that a defendant would have to persuade the judge — on the basis of all the facts, some of which are impossible for the defendant to know with certainty — -that the challenge was more likely than not the product of purposeful discrimination.”
 
 Johnson v. California,
 
 545 U.S. 162, 170, 125 S.Ct. 2410, 2417, 162 L.Ed.2d 129 (2005). A 12defendant “satisfies the requirements of
 
 Batson’s
 
 first step by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred.”
 
 Id.
 

 In the present case, the state excluded peremptorily eight out of the 10 eligible African-American jurors called for examination after the court excused seven other African-American jurors for cause. As a result, and even accounting for the state’s selection of two African-American jurors for the panel, one of whom the defendant then struck, Caucasian jurors were significantly overrepresented on the panel in comparison to their number in the overall tally of jurors called for examination, and African-American jurors were grossly underrepresented.
 

 These circumstances give rise to a reasonable inference of discriminatory purpose, although they might not support a finding that more probably than not race played a role in the state’s exercise of its peremptory challenges.
 
 Johnson
 
 expressly cautioned that “[t]he Batson framework is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process.... The inherent uncertainty present in inquiries of discriminatory purpose counsels against engaging in needless and imperfect speculation when a direct answer can be obtained by asking a simple question.”
 
 Johnson,
 
 545 U.S. at 172, 125 S.Ct. at 2418.
 

 Defendant may appeal again on the
 
 Bat-son
 
 question in the event of an adverse ruling from the trial court.
 

 VICTORY, TRAYLOR and KNOLL, JJ., would deny the writ.