PER CURIAM.
 
 [1]
 

 | granted. The decision of the court of appeal is vacated to the extent that it reversed defendant’s conviction and sentence outright after finding that the trial court erred in ruling that defendant had failed to make a prima facie showing of discriminatory intent in the prosecutor’s exercise of peremptory challenges against African-American venirepersons, and thus did not require the prosecutor to explain his peremptory challenges, and this case is remanded to the district court for further proceedings. The district court shall provide the state with the opportunity to articulate race-neutral reasons for the exercise of eight peremptory challenges against African-American venirepersons and thereafter rule on the ultimate question under
 
 Batson v. Kentucky,
 
 476 U.S. 79, 95, 106 S.Ct. 1712, 1722, 90 L.Ed.2d 69 (1986), of whether the prosecutor intentionally used race as a basis for selection of jurors to try defendant’s case.
 
 See State v. Drake,
 
 08-1194, p. |?2 (La.1/30/09), 2 So.3d 416, 417 (“The
 
 Batson
 
 frame work is designed to produce actual answers to suspicions and inferences that discrimination may have infected the jury selection process.... The inherent uncertainty present in inquiries of discriminatory purpose counsels against engaging in needless and imperfect speculation when a direct answer can be obtained by asking a simple question.’ ”)(quoting
 
 Johnson v. California,
 
 545 U.S. 162, 172, 125 S.Ct. 2410, 2418, 116 L.Ed.2d 129 (2005)). In the event of an adverse ruling on the
 
 Batson
 
 issue, defendant may appeal and may also appeal regarding the assignments of error pretermitted by the court of appeal on original hearing.
 

 [1]
 

 . Kimball, C.J., not participating.