# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01387-COA

**MARCO ANTONIO ROBERTS**                                        APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                          APPELLEE

DATE OF JUDGMENT:            12/05/2023
TRIAL JUDGE:                 HON. CELESTE EMBREY WILSON
COURT FROM WHICH APPEALED:   DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      MARCO ANTONIO ROBERTS (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: SCOTT STUART
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                 AFFIRMED - 02/11/2025
MOTION FOR REHEARING FILED:

### BEFORE CARLTON, P.J., McDONALD AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.    In 2018, a grand jury in DeSoto County indicted Marco Roberts with the intent to sell heroin and fentanyl; he was also indicted for a sentencing enhancement because he was in possession of a handgun. A little less than two years later, he filed a petition to plead guilty, stating he hoped his plea bargain would allow him to serve "10 years of incarceration (statute req. full service) w/ the opportunity to mitigate his sentence at sentencing." The preceding words were handwritten on the plea petition.

¶2.    During the plea colloquy, Roberts detailed that despite the quantity, the drugs were for his own personal use to ameliorate "neck and back problems" stemming from a car wreck. He told the trial court, "I'm taking full responsibility" for possession of the drugs.

"I didn't mean to mess up. I just made a bad choice. I made a bad choice, and I really hate that." The trial court ultimately sentenced him to serve ten years in the custody of the Department of Corrections followed by ten years of post-release supervision for trafficking in controlled substances.

¶3. Despite his repeated concessions during his guilty plea, Roberts subsequently challenged his guilty plea in a petition for post-conviction collateral relief. In the PCR petition, Roberts claimed his guilty plea was not knowingly and intelligently given and that he was denied the effective assistance of counsel.

¶4. The trial court denied the PCR petition, finding that the transcript belied his new claims and that Roberts was aware of the consequences of his plea. *See Hollon v. State*, 385 So. 3d 482, 486 (¶18) (Miss. Ct. App. 2024) ("[S]tatements made in open court under oath carry a strong presumption of veracity"). The trial court also denied the claim of ineffective assistance of counsel because Roberts did not support it with any affidavits or other proof. *Id.* at 487 (¶26).

¶5. Roberts appealed, but in his brief, he abandons these two claims. Instead, he shifts gears to attack the nature of his indictment, arguing that the guilty plea was involuntary since the indictment was defective, that the indictment did not provide him with sufficient notice of the charges, and that his appointed lawyer was ineffective for allowing him to plead guilty to a defective indictment.

¶6. We will not review claims when they are first raised on appeal. "Issues not raised in a motion for post-conviction relief are procedurally barred on appeal." *Bland v. State*, 312

So. 3d 417, 419 (¶11) (Miss. Ct. App. 2021).  In that very similar PCR case, we noted that the petitioner "ignores the issues originally raised in the trial court and replaces them with new arguments he failed to bring before that court." *Id*.  The "issues raised for the first time on appeal are procedurally barred from review as they have not first been addressed by the trial court." *Id.* (quotation mark omitted).

¶7.     In *Bland*, after finding the issues were wholly new to his appeal, we determined the "entire appeal is procedurally barred." *Id.* at 420 (¶13).  "Coupled with the fact that the record reflects [his] initial satisfaction with his guilty plea, we decline to address any of his arguments on appeal." *Id.*

¶8.     The same result must be reached here.  The three arguments Roberts now raises on appeal were never presented to the trial court for review.  Therefore, we find they are procedurally barred from review.  We affirm the trial court's order denying the PCR petition.

¶9.     **AFFIRMED.**

        **BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, EMFINGER, WEDDLE AND ST. PÉ, JJ., CONCUR.**